(6 App. Div. 80.)

### GILBERT v. HELMICH.

(Supreme Court, Appellate Division, Second Department.   June 2, 1896.)

DEED BY HUSBAND AND WIFE—COVENANTS—EFFECT AS TO WIFE.

    The owner of land through which ran a stream conveyed part of it, by mesne conveyance, to his wife.  Afterwards, by a deed in which his wife joined, he conveyed another part to defendants' grantor, reserving the right to build a dam in the stream to flood the land conveyed, and providing that, if he should not build the dam within a certain time, the grantee should have the right to build it, with the same privileges and rights of way as the grantor.  The deed also contained a covenant that it conveyed "also all the estate, right, title, interest, dower, and right of dower, property, possession, claim, and demand whatsoever, as well in law as in equity, of the said parties of the first part, of, in, and to the same, and every part and parcel thereof, with the appurtenances."  *Held,* that such deed did not give the husband the right to flood the land conveyed to his wife.

Appeal from special term, Rockland county.

Action by Frederick Gilbert against Robert Helmich for an injunction and to recover damages for overflowing plaintiff's land, lying on the west side of Mahwah creek, in the town of Ramapo, by means of a dam built by defendant across said creek on his own land, whereby the water was set back and covered a part of plaintiff's land in the winter and spring of 1895.    Judgment was rendered in favor of plaintiff for $150 damages, and enjoining defendant from constructing or maintaining a dam across said creek, and for $104.36 costs.    Defendant appeals.    Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Edward Wells, for appellant.
William McCauley, Jr., for respondent.

CULLEN, J.    In 1874 one Charles E. Suffern owned a tract of land of some 50 acres in Rockland county, bounded on the north by the Nyack turnpike and on the south by land of Edward Suffern. This tract was bisected substantially into moieties by the Mahwah creek, which runs through it from north to south.    On December 19, 1874, Charles E. Suffern conveyed to Alonzo Wheeler the north part of the moiety lying to the west of the Mahwah creek, bounding the tract by the middle of the creek, and the tract containing about 15 acres.    On December 19, 1874, Wheeler conveyed the same premises to Henrietta, wife of Charles E. Suffern.    On February 2, 1875, Charles E. Suffern and Henrietta, his wife, conveyed to John Mack by deed, with full covenant, the eastern moiety of the original tract, the westerly boundary of such moiety being the center of the

Mahwah creek.   At the end of the description there is found in the deed the following:

"And the said Charles E. Suffern, for himself and his heirs and assigns, reserves the right, for one year from the time of sale of said premises, to build a dam on said premises to flood the land thus conveyed, from the middle of said Mahwah creek to a height that a dam not more than 15 feet may or will raise the water; and if the first party does not build a dam within one year, or notify the party of the second part that he will complete the building of one within the six months following, then it is agreed that the party of the second part shall have the right to build a dam across the said creek for his own use, having the same privileges and rights of way as the said party of the first part."

Then follows the usual habendum clause.   The covenants of the title are the individual covenants of Charles E. Suffern.   The plaintiff established a perfect chain of title from Henrietta Suffern to certain lots in the tract conveyed to Wheeler, and by Wheeler to her, as above stated.   The defendant has acquired all the tract conveyed to Mack by Charles Suffern and wife, and the rights appurtenant thereto.   The defendant sought to dam the creek.   The result was to overflow the plaintiff's land.   This action was brought to restrain the defendant from continuing to flood the plaintiff's lots.

A large part of the discussion of this case by the counsel we deem irrelevant.   The deed to Wheeler, and that from Wheeler to Henrietta Suffern, were recorded before the time of the conveyance to Mack, and the deed to Mack was recorded before Henrietta Suffern conveyed or incumbered her title.   There can, therefore, be no question of notice or want of notice in this case.   The deed to Wheeler contained no reservation of any right or easement by the grantor. But it appears—and it is this fact that presents the only point in the case—that a dam 15 feet high, or even of less height, will flood, not only part of the premises conveyed to Mack and also part of the southwest corner of the tract then still retained by the grantor, Charles E. Suffern, but also part of the land conveyed to Wheeler, and then owned by Henrietta Suffern.   The question, and the only question, we have to decide is whether, by joining with her husband in the deed to Mack, Henrietta conveyed to the latter the right to flood her lands to the extent necessary for a dam 15 feet high.   Unquestionably, the primary object of the wife joining in the deed was to release her right of dower.   But, following the usual form of conveyance, the language of the grant goes further:

"And also all the estate, right, title, interest, dower and right of dower, property, possession, claim, and demand whatsoever, as well in law as in equity, of the said parties of the first part, of, in, and to the same, and every part and parcel thereof, with the appurtenances."

I assume that this broad language would pass any title or estate the wife might have in the premises conveyed, as well as a right of dower.   It would also grant any interest or estate which she might have in the appurtenances, and "appurtenances" would include any easement attached to the conveyed premises, such as the right to flow other lands.   But, in the deed under examination, it is to be observed that, in the first instance, there is not given the grantee any easement; but there is a reservation by one of the

grantors (the husband) of an easement in the premises conveyed, and only in case that grantor should fail to build the dam, or notify the grantee of his intention to build it, within one year, is it provided that the grantee should have the right to build a dam across the creek, "having the same privileges and rights of way as the said party of the first part." The clause begins with a reservation, not by both grantors, but only by the husband. There is no grant by the wife to the husband. Plainly, if the husband had first exercised the right to build the dam, he could, under this deed, have acquired no right or easement to flood the lands of the wife. On his default to exercise the right of building the dam, what was to pass to the grantee were only the same privileges and rights of way as the husband had, which would not include any easement in the property of the wife. The wife not being a party to the covenants of title, there is no estoppel against her. We think that the fair interpretation of this agreement, interjected into the deed after the description, is that it was an agreement solely between the husband and the grantee, relating to their lands, and that it would be extending the deed far beyond its proper limits and natural purport to hold that the wife conveyed by it any interest or easement in her own lands.

Nor does the fact that, by the deed to Mack, the latter was to pay off the mortgage on the whole premises, raise any particular equity in that grantee, as against the wife. The first plot had been conveyed to Wheeler, and by Wheeler to Henrietta Suffern, free and clear. This rendered the remaining land primarily liable, in equity, for the payment of the mortgage debt. By the conveyance to Mack, Mack agreed to pay the debt, as the consideration of the conveyance. As equity would have made the land conveyed to him and the remaining land of the husband first liable for the debt, without any agreement on his part, all Henrietta Suffern gained by the conveyance was the additional security of Mack's personal obligation. The special term, therefore, rightly construed this conveyance.

The judgment appealed from should be affirmed, with costs. All concur.